# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DANNY OSTOS**,

    Petitioner,

v.                                  **CIVIL NO. 04-0234 JB/DJS**

**ROBERT ULIBARRI, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-98-791 in the Third Judicial District, Dona Ana County, New Mexico. In that proceeding Petitioner was convicted, pursuant to a no contest plea, of one count of Conspiracy to Commit Trafficking in a Controlled Substance to wit: Cocaine by Distribution. In addition, Petitioner was adjudged to be an habitual offender. Pursuant to that conviction, Petitioner was sentenced to seven years imprisonment to be followed by two years parole. Answer Ex. A. That sentence consists of three years imposed for the underlying crime and a four year enhancement due to Petitioner's status as an habitual offender.

2. Petitioner challenges his conviction on the ground that his civil rights were violated by the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

application of his sentence. Petitioner has served the initial three years of his sentence. He contends that he should have been permitted to begin serving his two years of parole while simultaneously serving the four-year portion of the sentence imposed as an enhancement. Petitioner's theory is that his sentence must be viewed as three discrete terms: three years consisting of the basic sentence for conspiracy to traffic cocaine, four years consisting of the habitual offender enhancement, and two years parole. Petitioner argues that he is essentially serving consecutive sentences and that pursuant to New Mexico law regarding consecutive sentences, his parole period should have started running.

3. 28 U.S.C. §2254(b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent asserts that Petitioner has failed to exhaust his state Court remedies. Specifically, Respondent states that Petitioner raised the issue in this petition for the first time by means of a Motion to Amend Judgment and Sentence filed on July 3, 2003 in state court. Answer, Exhibit L. The New Mexico District Court denied the motion on July 24, 2003. Answer, Exhibit M. Respondent argues that Petitioner was required to filed a petition for writ of *certiorari* to the New Mexico Supreme Court to obtain review of that denial and fully exhaust his state court remedies, but failed to timely seek such review. Rather than filing his petition for writ of *certiorari* within thirty days as set forth in NMRA 2003, Rule 12-501, Petitioner waited until December 23, 2003 to seek such relief. Answer, Exhibit P. The New Mexico Supreme Court returned the petition as untimely. *Id.* Respondent argues that the application of the procedural bar to Petitioner's claim by the New Mexico Supreme Court renders the claim procedurally defaulted for the purpose of Federal *habeas* review.

4. Petitioner argues that the doctrine of procedural default should not apply to his petition.

2

He asserts that he did not receive notice of the New Mexico District Court's denial of his Motion to Amend Judgment until he filed a motion for a hearing on the Motion to Amend in November, 2003 and received an order denying that motion. Answer, Exhibit N, O. Petitioner argues that he should not be held responsible for his untimely petition for writ of *certiorari* as it was delayed by circumstance outside of his control. In addition, he points out that the New Mexico Supreme Court's rejection of his petition for writ of *certiorari* cites April 27, 2001 as the deadline for filing the petition, which date is not related to the motion upon which he was seeking relief in 2003.

5. This Court may not examine the merits of the claim if it is procedurally defaulted.  This is because procedural default is a doctrine based in comity and federalism. Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 730 (1991))[2]; see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.) cert. denied, 502 U.S. 1110 (1995) (Federal courts do not address issues that have been defaulted in state court on an independent and adequate state ground unless cause and prejudice or a fundamental miscarriage of justice is shown). In order to show cause for his procedural default such that it may be excused, Petitioner must show that some objective factor external to the defense impeded his efforts to raise the defaulted claims in state court. Maes, 46 F.3d at 987 (citation omitted). Objective factors that constitute cause include interference by officials making compliance with the procedural rule impracticable or a showing that the factual and legal basis of the claim was not reasonably available. Id. Alternatively, Petitioner may prevail in the face of a procedurally defaulted claim if he can demonstrate that denial of his claims will result in a fundamental miscarriage of justice.  Smith v. Murray, 477 U.S. 527, 537 (1986).  In the context of

---

[2]Procedural default occurs when a *habeas* petitioner fails to exhaust state remedies and the court to which he would be required to present his claims in order to meet the exhaustion requirement would find those claims procedurally barred. See Coleman, 501 U.S. at 735, n. 1.

procedural default, a "fundamental miscarriage of justice" involves extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

6. Failure to timely seek *certiorari* review of the denial of a New Mexico post-conviction motion can result in the procedural default of the claims brought in that petition. Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995). Accordingly, the question before this Court is whether Petitioner's grounds for his default, failure to receive notice of the denial of his post-conviction motion, constitute adequate cause to excuse the default and whether he can show prejudice from the default being enforced. Petitioner's reason for his default demonstrates a factor external to the defense; however, courts generally must presume regularity of service or orders or no deadline could ever be enforces. Regardless of whether Petitioner has shown cause for his default, he is not entitled to relief because he cannot show prejudice from the default being applied, as he is not entitled to relief on the merits of his claim. Petitioner does not argue the fundamental miscarriage of justice exception to the procedural bar.

7. Federal *habeas* relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Accordingly, as a general rule, federal *habeas* relief is not available for errors in the interpretation of state sentencing law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). However, a state court's arbitrary disregard of the state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980); Whalen v. United States, 445 U.S. 684, 689-90 n. 4 (1990). Therefore, in order to succeed in his federal claim regarding the state's application of his sentence, Petitioner must show that the sentence imposed is outside the statutory limits or unauthorized by law. Dennis v. Poppel, 222 F.3d

4

1245, 1258 (10th Cir. 2000).

8.   In addition to raising procedural default in his Answer, Respondent filed a motion to dismiss (Docket No. 11) addressing the merits of Petitioner's claim. Respondent argues that NMSA 1978 §31-18-17 makes clear that an habitual offender enhancement is an alteration of a basic sentence rather than a separate or consecutive sentence. Respondent also cites Martinez v. Romero, 626 F.3d 807 (10th Cir. 1980) for the proposition that the filing of an habitual criminal information does not create a new criminal case or constitute a charge for a separate offense.  The Court agrees that this authority demonstrates that Petitioner is serving a single seven-year sentence rather than two consecutive sentences. Accordingly, his sentence is within statutory limits and his right to due process is not being violated by requiring him to serve his two year period of parole upon conclusion of the sentence. See Dennis v. Poppel, 222 F.3d 1245, 1250 (10th Cir. 2000) (Finding no prejudice from procedural default where underlying ineffective assistance of counsel claim is without merit).

**RECOMMENDED DISPOSITION**

That this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

5